George R. Wadley, D.V.M. Secretary-Treasurer #1 Natural Resources Drive P.O. box 5497 Little Rock, AR 72215
Dear Dr. Wadley:
This is in response to your request for an opinion on whether boards and commissions are required to tape record the deliberation section of a hearing.
It is my opinion that a tape recording of the deliberation section is not required. Arkansas Code of 1987 Annotated 25-15-208 must be considered in this regard wherein it states in pertinent part as follows with regard to procedures for administrative adjudication:
(a) In every case of adjudication:
* * *
(4) The record shall include:
(A) All pleadings, motions and intermediate rulings;
(B) Evidence received or considered, including, on request or any party, a transcript of oral proceedings or any part thereof;
(C) A statement of matters officially notices;
(D) Offers of proof, objections, and rulings thereon;
(E) Proposed findings and exceptions thereto;
(F) All staff memoranda or data submitted to the hearing officer or members of an agency in connection with their consideration of the case.
While the language under 25-15-208(a)(4)(B) with regard to "a transcript of oral proceedings" may at first glance appear to encompass the deliberation section of a hearing, it is my opinion that the subsection, when read as a whole, belies this assertion. When read together, the clauses in subsection (4)(B) of25-15-208(a), supra, compel the conclusion that the term "oral proceedings" should be construed to refer to oral evidence, such as that contained in oral testimony. The reference to "oral proceedings" follows the phrase "evidence received or considered, including . . ." Hence, the general words "oral proceedings" are included within the specific heading or category of "evidence."
The canon of statutory construction known as "ejusdem generis" may also apply in this instance, since it requires that the general words be construed as applying only to things of the same general kind or class as that specifically mentioned. Black's Law Dictionary 464 (4th ed. 1979). Since the deliberation section does not fall within the category of "evidence," it may reasonably be concluded that the reference under 25-15-208(4)(B) to "oral proceedings" does not include that portion of the hearing.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.